# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| ALEX HERNANDEZ, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RCI HOSPITALITY HOLDINGS, INC., ERIC S. LANGAN, and BRADLEY CHHAY,<br><br>Defendants. | Civil Action No. 4:25-cv-04477 |

# MOTION OF DOUGLAS SNYDER FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL AND MEMORANDUM IN SUPPORT

# MOTION

TO:  ALL PARTIES AND THEIR COUNSEL OF RECORD

**PLEASE TAKE NOTICE** that Douglas Snyder ("Snyder") respectfully moves this Court for an order: (1) consolidating the above-captioned related actions; (2) appointing Snyder as Lead Plaintiff pursuant to Section 21D of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); (3) approving Snyder's selection of Glancy Prongay & Murray LLP ("GPM") as Lead Counsel and Kendall Law Group, PLLC. ("Kendall Law Group") as Texas Local Counsel for the class; and (4) granting such other relief as the Court may deem to be just and proper (the "Motion").

This Motion is supported by the following Memorandum of Law, the Declaration of Joe Kendall and the exhibits attached thereto, a Proposed Order, and all of the prior pleadings and proceedings in this matter, and such other written and/or oral argument as may be permitted by the Court.

LR7.1(D) and Judge Keith P Ellison's Court Procedure 5.C. require a conference of counsel prior to filing motions. Due to the PSLRA's lead plaintiff procedure, however, counsel for Snyder will not know which other entities or persons plan to move for appointment as lead plaintiff until after all the movants have filed their respective motions. Moreover, Snyder's motion must be filed today to be considered timely. Under these circumstances, Snyder respectfully requests that the conferral requirement of LR7.1(D) and Court Procedure 5.C., and the certificate of conference requirement of Court Procedure 5.C., be waived.

1

**MEMORANDUM OF LAW**

I.    **PRELIMINARY STATEMENT**

This is a class action on behalf of persons and entities that purchased or otherwise acquired publicly traded RCI Hospitality Holdings, Inc. ("RCI" or the "Company") securities between December 15, 2021 and September 16, 2025, inclusive (the "Class Period").

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that the Court shall appoint the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of class members—as lead plaintiff. See 15 U.S.C. § 78u-4(a)(3)(B). Pursuant to the PSLRA, the plaintiff or movant with the largest financial interest in the relief sought by the class who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") is presumed to be the most adequate plaintiff. This motion is made on the grounds that Snyder is the "most adequate plaintiff" as defined by the PSLRA.

Snyder believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on his financial losses suffered as a result of Defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Snyder satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other class members' claims and he is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, Snyder respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Snyder's selection of GPM as lead counsel and Kendall Law Group as Texas Local counsel for the class should be approved because the firms have substantial expertise in securities class actions, and the experience and resources to efficiently prosecute this action.

2

## II.     STATEMENT OF FACTS

Defendant RCI own and operates strip clubs in the United States under various brand names.

The complaint filed in this action alleges that the defendants made materially false and/or misleading statements throughout the Class Period, and failed to disclose material adverse facts about the Company's business, operations, and prospects, including: (1) that Defendants engaged in tax fraud; (2) that Defendants committed bribery to cover up the fact that they committed tax fraud; (3) that as a result, Defendants understated the legal risk facing the Company; and (4) that as a result, Defendants' statements about its business, operations, and prospects, were materially false and misleading and/or lacked a reasonable basis at all relevant times.

On September 16, 2025, Letitia James, the New York State Attorney General posted an announcement entitled "Attorney General James Indicts Strip Club Company Executives for Multimillion Dollar Tax Fraud Scheme and Bribery of State Tax Auditor." The New York State Attorney General alleged that RCI engaged in a "multimillion dollar criminal tax fraud and bribery scheme," that "RCI and its top executives bribed a former DTF auditor and supervisor, in exchange for favorable treatment during at least six different sales tax audits spanning over a decade" and that RCI "falsified the business records of RCI strip clubs to conceal their crimes and recorded the cash payments used to bribe the auditor as 'promotional' expenses for the clubs."

On this news, the price of RCI stock fell $5.53 per share, or 16%, to close at $28.79 on September 16, 2025. The next day, it fell a further $2.99, or 10.38%, to close at $25.80 per share on September 17, 2025.

As a result of the defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, the plaintiffs and members of the class have suffered significant losses and damages.

### III. ARGUMENT

#### A. Snyder Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the class—is the class member that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Snyder satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements for appointment as lead plaintiff. Snyder has, to the best of his knowledge, the largest financial interest in this litigation and meets the relevant requirements of Federal Rule of Civil Procedure 23. In addition, Snyder is not aware of any unique defenses the

defendants could raise against him that would render him inadequate to represent the class. Accordingly, Snyder respectfully submits that he should be appointed lead plaintiff.

### 1. Snyder Filed a Timely Motion

Snyder has made a timely motion in response to a PSLRA early notice. On September 21, 2025, pursuant to Section 21D(a)(3)(A)(I) of the PSLRA, notice was published in connection with this action. *See* Declaration of Joe Kendall ("Kendall Decl.") Ex. A. Therefore, Snyder had sixty days (*i.e.*, until November 20, 2025) to file a motion to be appointed as lead plaintiff. As a purchaser of RCI securities during the Class Period, Snyder is a member of the proposed class and has timely filed a complaint and motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his PSLRA certification, Snyder attests that he has reviewed the complaint, and is willing to serve as a representative of the class. *See* Kendall Decl., Ex. B. Accordingly, Snyder satisfies the first requirement to serve as lead plaintiff for the class.

### 2. Snyder Has the "Largest Financial Interest"

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Snyder believes that he has the largest financial interest among class members who filed timely applications for appointment as lead plaintiff and is presumed to be the "most adequate plaintiff."

Snyder purchased RCI securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial harm of $6,011.30. *See* Kendall Decl., Ex. C. To the best of his knowledge, Snyder is not aware of any other class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Snyder believes he has the "largest financial interest in the relief sought

5

by the class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the class.

### 3. Snyder Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a). At this stage of the proceedings, Rule 23(a) generally requires that the claims of representative parties be typical of the claims of the class and that the representatives will fairly and adequately protect the interests of the class. *See* Fed. R. Civ. P. 23; *see also Hohenstein v. Behringer Harvard REIT I, Inc.*, 2012 WL 6625382, at *4 (N.D. Tex. 2012). Moreover, at the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23. *See Gluck v. CellStar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997). As detailed below, Snyder satisfies the typicality and adequacy requirements.

#### a) Snyder's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same events or course of conduct that give rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See In re Waste Mgmt. Sec. Litig.*, 128 F. Supp. 2d 401, 411 (S.D. Tex. 2000). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *See Stirman v. Exxon Corp.*, 280 F.3d 554, 562 (5th Cir. 2002).

Snyder's claims are typical of the claims asserted by the proposed members of the class. Like all members of the class, Snyder alleges that the defendants' material misstatements and omissions concerning RCI's business, operations, and financial prospects violated the federal securities laws. Snyder, like all members of the class, purchased RCI securities in reliance on Defendants' alleged misstatements and omissions and were damaged thereby. Accordingly, Snyder's interests and claims are "typical" of the interests and claims of the class.

### b)   Snyder Is an Adequate Representative

The adequacy requirement of Rule 23(a)(4) entails considerations of whether a proposed representative party "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "The adequacy requirement mandates an inquiry into (1) the zeal and competence of the representatives' counsel and (2) the willingness and ability of the representatives to take an active role in and control the litigation and to protect the interests of absentees." *Strong v. AthroCare Corp.*, 2008 WL 11334942, at *8 (W.D. Tex. Dec. 10, 2008) (citing *Berger v. Compaq Comput. Corp.*, 257 F.3d 475, 479 (5th Cir. 2001)).

Here, Snyder easily satisfies the adequacy requirements. Snyder's financial interest demonstrates that he has a sufficient incentive to ensure vigorous advocacy, and Snyder is not aware of any conflict between his claims and those asserted on behalf of the class. Moreover, Snyder has retained competent and experienced counsel with the resources and expertise to efficiently and effectively prosecute this action. *See* Kendall Decl., Exs. D & E. Snyder resides in Sunset, South Carolina, is a retired money manager, has an MBA, and has been investing for decades. Consequently, Snyder has demonstrated that he meets all the PSLRA's requirements for a lead plaintiff, and his request for appointment as lead plaintiff should therefore be granted.

### B. Lead Plaintiff's Selection of Counsel Should Be Approved

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Here, Snyder has selected GPM as lead counsel for the class Kendall Law Group as Texas Local counsel. The firms have successfully prosecuted numerous securities fraud class actions on behalf of injured investors. As reflected by the firms résumés, *see* Kendall Decl., Exs. D & E, the Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation. Accordingly, the Court should approve Snyder's selection of counsel.

### IV. CONCLUSION

For the foregoing reasons, Snyder respectfully requests that the Court issue an Order: (1) appointing Snyder as Lead Plaintiff for the class; (2) approving GPM as Lead Counsel and Kendall Law Group as Texas Local Counsel for the class; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: November 20, 2025                    Respectfully submitted,

**KENDALL LAW GROUP, PLLC**

*/s/ Joe Kendall*
Joe Kendall
Texas Bar No. 11260700
S.D. Tex. Bar No. 30973
3811 Turtle Creek Blvd., Suite 825
Dallas, Texas 75219
Telephone: (214) 744-3000
Facsimile: (214) 744-3015
Email: jkendall@kendalllawgroup.com

*Texas Local Counsel for Lead Plaintiff Movant Douglas Snyder and Proposed Texas Local Counsel for the Class*

**GLANCY PRONGAY & MURRAY LLP**
Charles H. Linehan

Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Lead Plaintiff Movant Douglas Snyder and Proposed Lead Counsel for the Class*

**LAW OFFICES OF HOWARD G. SMITH**
Howard G. Smith
3070 Bristol Pike, Suite 112
Bensalem PA 19020
Telephone: (215) 638-4847
Facsimile: (215) 638-4867

*Additional Counsel for Plaintiff*

## CERTIFICATE OF CONFERENCE

LR7.1(D) and Judge Keith P Ellison's Court Procedure 5.C. require a conference of counsel prior to filing motions. Due to the PSLRA's lead plaintiff procedure, however, counsel for Snyder will not know which other entities or persons plan to move for appointment as lead plaintiff until after all the movants have filed their respective motions. Moreover, Snyder's motion must be filed today to be considered timely. Under these circumstances, Snyder respectfully requests that the conferral requirement of LR7.1(D) and Court Procedure 5.C., and the certificate of conference requirement of Court Procedure 5.C., be waived.

*/s/ Joe Kendall*
Joe Kendall

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, November 20, 2025, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

        */s/ Joe Kendall*
        Joe Kendall