UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALEX HERNANDEZ, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RCI HOSPITALITY HOLDINGS, INC., ERIC S. LANGAN, and BRADLEY CHHAY,<br><br>Defendants. | Case No: 4:25-cv-04477<br><br>CLASS ACTION<br><br>JUDGE KEITH P. ELLISON |

### NOTICE OF MOTION AND MOTION OF MOVANT SCOTT BIALES FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL AND MEMORANDUM OF LAW IN SUPPORT

Movant Scott Biales ("Movant"), through counsel, hereby moves the Court pursuant to Section 21D of the Securities and Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an order:

(a)  appointing Movant as Lead Plaintiff in this action; and

(b)  approving Movant's selection of The Rosen Law Firm P.A. as Lead Counsel for the litigation and all subsequently filed related litigations.

In support of this Motion, Movant submits herewith a Memorandum of Law dated November 20, 2025, an Appendix Accompanying Movant's Motion, dated November 20, 2025, and a [Proposed] Order Appointing Movant as Lead Plaintiff and Approving Movant's Selection of Counsel.

This Motion is filed pursuant to the PSLRA, which provides that within 60 days after publication of the required notice, any member of the proposed class may apply to the Court to

be appointed as lead plaintiff; consequently, at this time Movant's counsel has no way of knowing which class members, if any, are filing competing lead plaintiff motions. *See* 15 U.S.C. § 78u-4(a)(3). As a result, Movant's counsel has been unable to conference with opposing counsel as prescribed in Local Rule 7.1D and Your Honor's Court Procedures 5.C., and respectfully requests that the conference requirement be waived for this motion.

**MEMORANDUM OF LAW**

### INTRODUCTION

Movant Scott Biales ("Movant"), respectfully submits this memorandum of law in support of Movant's motion for an Order, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3) as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a) appointing Movant as Lead Plaintiff for the class of all purchasers and/or acquirers of the securities of RCI Hospitality Holdings, Inc. ("RCI" or the "Company") between December 15, 2021, and September 16, 2025, inclusive (the "Class Period"); and

(b) approving Movant's selection of The Rosen Law Firm P.A. ("Rosen Law") as Lead Counsel for the Class.

### STATEMENT OF THE ISSUES TO BE RULED UPON BY THE COURT

1. Whether Movant is the "most adequate plaintiff," and should be appointed Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B)(i). The PSLRA establishes a presumption that the "most adequate plaintiff" is the person that has the largest financial interest in the relief sought by the class and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See* 15 U.S.C. §78u-4(a)(3)(B). This presumption may be rebutted only upon "proof" that the presumptively most adequate plaintiff will not fairly and adequately protect the interests of the class or is subject to unique defenses that render such plaintiff incapable of adequately representing the class. 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

2. Whether Movant's selection of Rosen Law as Lead Counsel should be approved. Under the PSLRA, the most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). A court should not

disturb lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa).

## STATEMENT OF NATURE AND STAGE OF PROCEEDINGS

This action was commenced by Rosen Law on September 21, 2025, against the Company, its CEO, and its CFO ("Defendants") for violations of the Exchange Act. *See generally* Dkt. No. 1. That same day, Rosen Law issued an early notice pursuant to the PSLRA advising the putative class of, among other things, the allegations and claims in the complaint, the Class Period, and their option to seek appointment as Lead Plaintiff. *See* Exhibit 1 to the Appendix filed herewith (the "App.").

Defendant RCI owns and operates strip clubs around the United States. Dkt. No. 1 at ¶7. The complaint alleges that during the Class Period Defendants made false and/or misleading statements and/or failed to disclose that: (1) Defendants engaged in tax fraud; (2) Defendants committed bribery to cover up the fact that they committed tax fraud; (3) as a result, Defendants understated the legal risks facing the Company; and (4) as a result, Defendants' statements about its business, operations, and prospects, were materially false and misleading and/or lacked a reasonable basis at all relevant times. *Id*. at ¶38.

Then, on September 16, 2025, the New York State Attorney General posted an announcement entitled "Attorney General James Indicts Strip Club Company Executives for Multimillion Dollar Tax Fraud Scheme and Bribery of State Tax Auditor." (The "Announcement"). The Announcement stated that "RCI executives bribed an auditor with the New York Department of Taxation and Finance (DTF) to avoid paying over $8 million in sales taxes to New York City and the state from 2010 to 2024." The Announcement further stated that "[a] 79-count indictment unsealed today charges RCI, five of its executives, and three RCI-

owned strip clubs in Manhattan with conspiracy, bribery, and criminal tax fraud, among other crimes." *Id.* at ¶39.

On this news, the price of RCI stock fell $5.53 per share, or 16%, to close at $28.79 on September 16, 2025. The next day, it fell a further $2.99, or 10.38%, to close at $25.80 per share on September 17, 2025. 5. *Id.* at ¶46.

## ARGUMENT

### I.   MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint a lead plaintiff filed in response to any such notice. Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice …;
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

3

As set forth below, Movant satisfies all three of these criteria and thus is entitled to the presumption that Movant is the most adequate plaintiff of the class and, therefore, should be appointed as Lead Plaintiff.

### A. Movant Is Willing to Serve as Class Representative

Movant has submitted a sworn shareholder certification attesting to the fact that Movant is willing to serve as representative of the class and is willing to provide testimony at deposition and trial, if necessary. *See* App., Exhibit 2. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the class.

### B. Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff … is the person or group of persons that … has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption can only be rebutted by proof that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or is "subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

Movant lost approximately $108,656.57 in connection with purchases of RCI securities. *See* App., Exhibit 3 (Movant's Loss Chart). Movant is not aware of any other person that has suffered greater losses in RCI securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule

4

23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movant satisfies the requirements of Rule 23 is sufficient. *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 439 (S.D.N.Y. 2008) (only a *prima facie* showing is required) (citations omitted). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998); *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997).

Movant fulfills all of the requirements of Rule 23. Movant shares substantially similar questions of law and fact with the members of the class and Movant's claims are typical of the claims of members of the class. Movant and all members of the class allege that Defendants violated the Exchange Act by publicly disseminating false and misleading statements concerning RCI and its business. Movant, as well as other members of the class, purchased RCI shares at prices artificially inflated by Defendants' misrepresentations and omissions and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative party be typical of the claims of the class.

Thus, the close alignment of interests between Movant and other class members, as well as Movant's strong desire to prosecute this action on behalf of the class, provides ample reason to grant Movant's motion to serve as Lead Plaintiff.

### D. Movant Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (a) will not fairly and adequately protect the interests of the class; or
> (b) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

Movant's ability and desire to fairly and adequately represent the class has been discussed above. Movant is aware of the requirements of being Lead Plaintiff. *See* App., Exhibit 2. Movant is not aware of any unique defenses Defendants could raise against him that would render Movant inadequate to represent the class. Further, Movant lives in Ohio and holds a bachelor's degree as well as a master's in biomedical engineering, and is employed in early asset commercial strategy within a large biotech company. He has over 20 years of investing experience, with over 10 years of experience investing in individual equities. Accordingly, the Court should appoint Movant as Lead Plaintiff for the class.

## II. MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected The Rosen Law Firm, P.A. as Lead Counsel. The firm has been actively researching Movant's and Class Plaintiffs' claims, including filing this case, reviewing publicly available financial and other documents while gathering information in support of the claims against the Defendants. Furthermore, the firm is experienced in the area of securities litigation and class actions, and have successfully prosecuted securities litigations and securities fraud class actions on behalf of investors. *See* App., Exhibit 4. The firm has prosecuted securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors.

As a result of the firm's experiences in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge that will enable it to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests the Court issue an Order: (a) appointing Movant as Lead Plaintiff of the class; (b) approving The Rosen Law Firm P.A. as Lead Counsel; and (c) granting such other relief as the Court may deem to be just and proper.

Dated: November 20, 2025           Respectfully submitted,

                                   **THE ROSEN LAW FIRM, P.A.**
                                   */s/ Phillip Kim*
                                   Phillip Kim, Esq., attorney-in-charge
                                   State Bar Number: NY4145397
                                   S.D. Tex. Bar Number: 1036827
                                   275 Madison Avenue, 40th Floor

New York, NY 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: philkim@rosenlegal.com

*[Proposed] Lead Counsel for Plaintiff and Class*

**CERTIFICATE OF CONFERENCE**

I hereby certify that Movant's counsel has been unable to conference with opposing counsel as prescribed in Local Rule 7.1D and Your Honor's Court Procedure's 5.C., and respectfully requests that the conference requirement be waived for this motion. *See supra*, p. 1-2. This Motion is filed pursuant to the PSLRA, which provides that within 60 days after publication of the required notice, any member of the proposed class may apply to the Court to be appointed as lead plaintiff; consequently, at this time Movant's counsel has no way of knowing which class members, if any, are filing competing lead plaintiff motions. *See* 15 U.S.C. § 78u-4(a)(3).

*/s/ Phillip Kim*
Phillip Kim

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of November 2025, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/ Phillip Kim*
Phillip Kim