**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| ALEX HERNANDEZ, Individually and on behalf of all others similarly situated,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>RCI HOSPITALITY HOLDINGS, INC., ERIC S. LANGAN, and BRADLEY CHHAY,<br><br>　　　　　　　　Defendants. | Case No. 4:25-cv-4477-KPE<br><br>Hon. Keith P. Ellison<br><br><u>CLASS ACTION</u> |

**MOTION OF STROUB AND NEYLAN FOR APPOINTMENT AS LEAD PLAINTIFF**
<u>**AND APPROVAL OF SELECTION OF COUNSEL**</u>

**TABLE OF CONTENTS**

| | | | |
|---|---|---|---|---|
| I. | NATURE AND STAGE OF PROCEEDINGS | | | 1 |
| II. | ISSUES TO BE RULED ON BY COURT | | | 3 |
| III. | SHORT SUMMARY OF ARGUMENT | | | 3 |
| IV. | ARGUMENT | | | 5 |
| | A. | Stroub and Neylan Should Be Appointed Lead Plaintiff | | 5 |
| | | 1. | The PSLRA Standard for Appointing Lead Plaintiff | 5 |
| | | 2. | Stroub and Neylan Are the "Most Adequate Plaintiff" | 6 |
| | | | a. Stroub and Neylan Have Satisfied the PSLRA's Procedural Requirements | 6 |
| | | | b. Stroub and Neylan Have the Largest Financial Interest in the Relief Sought by the Class | 6 |
| | | | c. Stroub and Neylan Satisfy Rule 23's Typicality and Adequacy Requirements | 7 |
| | | |    i. Stroub and Neylan's Claims Are Typical of Those of the Class | 7 |
| | | |    ii. Mr. Stroub Will Fairly and Adequately Protect the Interests of the Class | 8 |
| | B. | The Court Should Approve Stroub and Neylan's Selection of Lead Counsel | | 10 |
| V. | CONCLUSION | | | 12 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bloom v. Anderson (FirstEnergy Corp. Derivative Litig.)*,
   No. 20-cv-4534, 2020 WL 6710429 (S.D. Ohio Nov. 16, 2020) ............................................. 12

*Izadjoo v. Kratz*,
   No. 15-cv-2213, 2016 WL 343989 (S.D. Tex. Jan. 28, 2016) .................................................. 10

*Kakkar v. Bellicum Pharms., Inc.*,
   No. 18-cv-338, 2019 WL 1367653 (S.D. Tex. Mar. 26, 2019) ......................................... *passim*

*Parker v. Hyperdynamics Corp.*,
   No. 12-cv-999, 2013 WL 623164 (S.D. Tex. Feb. 19, 2013) ..................................................... 8

**Statutes**

15 U.S.C. § 78u-4(a) ................................................................................................................. *passim*
15 U.S.C. § 78j(b) ................................................................................................................................ 1
15 U.S.C. § 78t(a) ................................................................................................................................ 1

**Rules**

Fed. R. Civ. P. 23 ....................................................................................................................... *passim*

**Regulations**

17 C.F.R. § 240.10b-5 .......................................................................................................................... 1

**Other Authorities**

Manual for Complex Litigation (Fourth) § 10.221 (2004) ............................................................. 12

Proposed Lead Plaintiff Paul Stroub and William J. Neylan III, in his capacity as Co-Trustee and on behalf of WJ Neylan III, T A Neylan TTEE, Wiliam J Neylan III REV Living TR, U/A 12/5/12 Trust (the "Neylan Trust," and together with Paul Stroub, "Stroub and Neylan") respectfully move this Court for entry of an order: (1) appointing them as Lead Plaintiff under Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), in the above-captioned action (the "Action") for a class (the "Class") of all persons or entities who purchased or otherwise acquired publicly traded RCI Hospitality Holdings, Inc. ("RCI" or the "Company") securities between December 15, 2021 and September 16, 2025, inclusive (the "Class Period"); (2) approving their selection of Saxena White P.A. ("Saxena White") as Lead Counsel for the Class and Ajamie LLP ("Ajamie") as Liaison Counsel for the Class; and (3) granting such other and further relief as the Court may deem just and proper. In support of this Motion, Stroub and Neylan submit the Declaration of John S. "Jack" Edwards, Jr. ("Edwards Decl.") and the exhibits attached thereto, the pleadings and other filings herein, and such other written or oral argument as may be permitted by the Court. A [Proposed] Order is attached.[1]

## I.  NATURE AND STAGE OF PROCEEDINGS

Pending before the Court is a securities class action that alleges violations of Sections 10(b) and 20(a) of the Exchange Act, as amended by the PSLRA (15 U.S.C. §§ 78j(b) and 78t(a)), and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17

---

[1] Section 21D(a)(3)(B) provides that within 60 days after publication of the required notice, any member of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the underlying action. As a result, counsel for Stroub and Neylan cannot determine which, if any, other class members may seek appointment as lead plaintiff and, as such, have been unable to confer with opposing counsel as prescribed in Local Rule 7.1.D(1)-(2). Accordingly, Stroub and Neylan respectfully request that the conferral requirement be waived for this Motion.

C.F.R. § 240.10b-5), against RCI,[2] its Chief Executive Officer Eric S. Langan ("Langan"), and its Chief Financial Officer Bradley Chhay ("Chhay," and together with RCI and Langan, "Defendants").

RCI owns and operates strip clubs throughout the United States. Throughout the Class Period, Defendants certified to the accuracy of the Company's financial reporting filed with the SEC, including that "any fraud" involving RCI's management was disclosed, and asserted to the effectiveness of the Company's internal controls and procedures of complying with local, state, and federal laws.

The action alleges that, during the Class Period, Defendants made false and/or misleading statements and/or failed to disclose that: (1) Defendants engaged in tax fraud; (2) Defendants committed bribery to cover up the fact that they had committed tax fraud; (3) as a result, Defendants understated the legal risks facing the Company; and (4) as a result, Defendants' statements about the Company's business, operations, and prospects were materially false and misleading and/or lacked a reasonable basis at all relevant times.

On September 16, 2025, the New York State Attorney General announced a 79-count indictment charging RCI, five of its executives, including Defendants Langan and Chhay, and three RCI-owned strip clubs in Manhattan with conspiracy, bribery, and criminal tax fraud in the amount of $8 million. The announcement further stated that "on at least 10 occasions since 2010, Timothy Winata, RCI's controller and accountant, traveled to Manhattan from Texas to provide the auditor with illegal bribes at RCI's three Manhattan clubs, Rick's Cabaret, Vivid Cabaret, and Hoops Cabaret and Sports Bar." On this news, the price of RCI stock fell $5.53 per share, or 16%,

---

[2] RCI is based in Houston, Texas. The Company's common stock trades on the Nasdaq Global Market under the ticker symbol "RICK."

to close at $28.79 per share on September 16, 2025. The next day, RCI shares declined an additional $2.99 per share, or 10.38%, to close at $25.80 per share on September 17, 2025.

As a result of Defendants' wrongful acts and omissions, the Class suffered substantial losses and damages.

## II.     ISSUES TO BE RULED ON BY COURT

In adjudicating a lead plaintiff motion under the PSLRA, a court shall adopt a presumption that the "most adequate plaintiff" is the person or group of persons who: (1) filed a complaint or filed a motion to serve as lead plaintiff; (2) has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption may be rebutted only by "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). As set forth below, Stroub and Neylan believe they are the "most adequate plaintiff" and should be appointed as Lead Plaintiff.

## III.    SHORT SUMMARY OF ARGUMENT

Stroub and Neylan respectfully submit that they should be appointed Lead Plaintiff on behalf of the Class. Stroub and Neylan satisfy all of the prerequisites for lead plaintiff appointment. As set forth in detail below, Stroub and Neylan incurred a loss of $375,033 as a result of their transactions in RCI securities.[3] Accordingly, Stroub and Neylan have a powerful

---

[3] Stroub and Neylan's transactions in RCI securities during the Class Period are set forth in their Certifications. *See* Edwards Decl., Ex. A; *see also id.*, Ex. B (chart setting forth calculation of Stroub and Neylan's loss). Stroub has received valid assignments of claims from his wife Olga K. Stroub and from Concord BK, LLC (a limited liability company established for the benefit of the family of Paul Stroub and for which Stroub is the Managing Member) that transfer all rights and title to prosecute all causes of action relating to their transactions in RCI securities prior to the filing of this motion. *See id.*, Ex. C (assignments of claims).

3

economic interest in directing the litigation and recovering their losses—an interest believed to be greater than that of any competing movant.

Stroub and Neylan also meet the typicality and adequacy requirements set out in Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") because their claims are typical of those of absent class members, and they will fairly and adequately represent the interests of the Class. 15 U.S.C. § 78u-4(a)(3)(B)(iii). Stroub and Neylan are familiar with the obligations and responsibilities of the Lead Plaintiff, are not subject to any unique defenses, and have the incentive, ability, and experience to effectively supervise the prosecution of the Action in the best interests of the Class. In addition, as set forth in greater detail in their Joint Declaration submitted herewith, Stroub and Neylan fully understand and are willing and able to undertake the Lead Plaintiff's responsibilities and obligations to the Class under the PSLRA to ensure the vigorous prosecution of this action. *See* Joint Decl. in Support of the Mot. of Stroub and Neylan for Appointment as Lead Plaintiff and Approval of Selection of Counsel ("Joint Declaration"), Edwards Decl., Ex. D.

To date, Stroub and Neylan have demonstrated their ability to oversee this litigation and their commitment to working cohesively to efficiently prosecute this litigation by conferring before this motion was filed to establish a coordinated strategy for overseeing the prosecution of this matter. For example, prior to seeking a role as Lead Plaintiff, Stroub and Neylan held a conference call to discuss, among other things, the merits of the claims against Defendants as well as their common goals in the litigation. *See* Edwards Decl., Ex. D ¶¶ 16-17. Stroub and Neylan have further demonstrated their adequacy through their selection of Saxena White to serve as Lead Counsel and Ajamie to serve as Liaison Counsel. *Id*. ¶¶ 8, 13, 16. Saxena White and Ajamie have substantial experience and success prosecuting securities class actions in this District and

throughout the nation. *Id*. ¶¶ 20-21. Accordingly, Stroub and Neylan respectfully request that the Court appoint them as Lead Plaintiff and otherwise grant their motion.

## IV.   ARGUMENT

### A.   Stroub and Neylan Should Be Appointed Lead Plaintiff

#### 1.   The PSLRA Standard for Appointing Lead Plaintiff

The PSLRA provides a straightforward, sequential procedure for selecting a lead plaintiff for "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(1); *see also* 15 U.S.C. § 78u-4(a)(3)(B). First, Section 21D(a)(3)(A)(i) of the Exchange Act, as amended by the PSLRA, specifies that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purposed plaintiff class—
>
> (I)   of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II)   That, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Next, pursuant to the PSLRA, a court is to consider any motion made by class members to serve as lead plaintiff and appoint the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i). In adjudicating a lead plaintiff motion, a court shall adopt a presumption that the "most adequate plaintiff" is the movant who: (1) filed a complaint or filed a motion to serve as lead plaintiff; (2) has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption may be rebutted only by "proof" that the presumptively most adequate plaintiff "will not fairly and adequately

protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

        **2.**      **Stroub and Neylan Are the "Most Adequate Plaintiff"**

Stroub and Neylan respectfully submit that they are presumptively the "most adequate plaintiff" because they have complied with the PSLRA's procedural requirements, possess the largest financial interest of any qualified movant, and satisfy Rule 23's typicality and adequacy requirements.

        **a.**      **Stroub and Neylan Have Satisfied the PSLRA's Procedural Requirements**

Stroub and Neylan filed this Motion to serve as Lead Plaintiff in a timely manner. The plaintiff who filed the complaint in the Action caused notice regarding the pending nature of this case to be published on *BusinessWire*, a widely circulated, national, business-oriented news reporting wire service, on September 21, 2025. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i); Notice, Edwards Decl., Ex. E. Thus, pursuant to the PSLRA, any member of the proposed Class may apply to be appointed Lead Plaintiff within sixty days after publication of the notice, *i.e.*, on or before November 20, 2025. Stroub and Neylan filed this motion within the required time frame.

        **b.**      **Stroub and Neylan Have the Largest Financial Interest in the Relief Sought by the Class**

Stroub and Neylan should be appointed Lead Plaintiff because they have the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). The PSLRA instructs courts to adopt the presumption that "the most adequate plaintiff" is the "person or group of persons that . . . has the largest financial interest in the relief sought by the class" so long as that movant meets the requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see Kakkar v. Bellicum Pharms., Inc.*, No. 18-cv-338, 2019 WL 1367653, at *2 (S.D. Tex. Mar. 26,

6

2019) (finding movant group "suffered the largest financial loss and therefore has the largest financial interest in the relief sought by the class.").

Here, Stroub and Neylan suffered substantial losses of $375,033 on their transactions in RCI securities. *See* Edwards Decl., Ex. B. Stroub and Neylan are unaware of any other movant with a larger financial interest in the outcome of the Action. Accordingly, Stroub and Neylan have the largest financial interest of any qualified movant seeking Lead Plaintiff status, and because they satisfy the applicable requirements of Rule 23, as discussed below, they are the presumptive "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

### c. Stroub and Neylan Satisfy Rule 23's Typicality and Adequacy Requirements

In addition to requiring the identification of the movant with the largest financial interest, the PSLRA also directs that a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 . . . ." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). With respect to class certification, Rule 23(a) requires that: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). However, at this stage of the litigation, "the Court considers only whether the proposed plaintiff has made a preliminary showing that two of Rule 23's requirements—typicality and adequacy—are satisfied." *See Bellicum*, 2019 WL 1367653, at *2 (citations and internal quotations omitted).

### i. Stroub and Neylan's Claims Are Typical of Those of the Class

Pursuant to Rule 23(a)(3), the claims or defenses of the representative party must be "typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The typicality requirement is satisfied when "the class representative's claims have the same essential

7

characteristics of those of the putative class." *Parker v. Hyperdynamics Corp.*, No. 12-cv-999, 2013 WL 623164, at *3 (S.D. Tex. Feb. 19, 2013) (citations and internal quotations omitted).

The typicality requirement is satisfied here because Stroub and Neylan, who are not subject to any unique or special defenses, seek the same relief and advance the same legal theories as do other Class members. Like all members of the Class, Stroub and Neyland purchased or otherwise acquired RCI securities and suffered harm as a result of Defendants' violations of the federal securities laws. Because the claims that Stroub and Neylan assert are based on the same legal theories and "arise from the same conduct from which the other class members' claims and injuries arise[,]" they satisfy the typicality requirement. *See Hyperdynamics*, 2013 WL 623164, at *3 (finding presumptive lead plaintiff's claims typical because it purchased stock "at inflated prices during the Class Period followed by the steep loss of investment value."). In sum, Stroub and Neyland's claims are typical of the Class's claims and satisfy Rule 23(a)(3)'s typicality requirement.

### ii. Mr. Stroub Will Fairly and Adequately Protect the Interests of the Class

The adequacy of representation requirement of Rule 23(a)(4) is satisfied when a representative party established that they "will fairly and adequately protect the interests of the Class." Fed. R. Civ. P. 23(a)(4). In determining adequacy, courts examine "1) the zeal and competence of the representatives' counsel and 2) the willingness and ability of the representatives to take an active role in and control the litigation and to protect the interests of absentees." *Bellicum*, 2019 WL 1367653, at *3 (citation and internal quotations omitted).

Stroub and Neylan's interests are perfectly aligned with those of other Class members and are not antagonistic in any way. Stroub and Neylan incurred substantial financial harm due to Defendants' misrepresentations and omissions during the Class Period and have a sufficient

8

interest in the outcome of the litigation to ensure vigorous prosecution of the litigation. *See id.* at *4 (noting that movant group with largest loss had the "incentive to remain invested in the litigation and represent the interests of the class"). There are no facts to suggest that an actual or potential conflict of interest between Stroub and Neylan and the other Class members exists.

As set forth below, Stroub and Neylan have provided information about their backgrounds and affirmed their commitment to fulfilling the fiduciary role of Lead Plaintiff. *See* Edwards Decl., Ex. D ¶¶ 3, 5, 7-11, 22. Indeed, Stroub and Neylan comprise a small, cohesive group of experienced investors who determined to jointly seek appointment as Lead Plaintiff and prosecute this action independently of counsel and in the best interests of all Class members. *See* Edwards Decl., Ex. D ¶¶ 13-15. Specifically, before seeking Lead Plaintiff appointment, Stroub and Neylan considered the merits of the claims, their losses caused by Defendants' alleged fraud, and their proposed litigation strategy. *See id.* ¶¶ 8, 16. Through these deliberations, Stroub and Neylan each expressed an interest in seeking to cooperate with like-minded and similarly situated investors in seeking appointment as Lead Plaintiff. *See id.* ¶¶ 4, 6. Based on Stroub's and Neylan's respective understanding that working together would allow for the sharing of experiences and resources, they believed that partnering would add substantial value to the prosecution of this litigation and would benefit the Class. *See id.* ¶¶ 14, 17.

Stroub and Neylan have also demonstrated their commitment to working cohesively as a group in the prosecution of this litigation. *See id.* ¶ 14. Their Joint Declaration details the steps that Stroub and Neylan have already taken (and will continue to take) to ensure the vigorous prosecution of this action and close oversight of counsel. *See id.* Specifically, before seeking appointment as Lead Plaintiff, Stroub and Neylan participated in a conference call and discussed, among other things, the strength of the claims against Defendants and their ability and incentive

9

to vigorously represent the claims of the Class. *See id.* ¶ 16. Stroub and Neylan also discussed their understanding of the duties of a Lead Plaintiff pursuant to the PSLRA and their common goals and strategy for joint prosecution of this litigation. *See id.* Stroub and Neylan's collaboration follows their shared goals and interests in protecting and maximizing their assets and those of the Class and ensuring the transparency of statements by public companies. *See id.* ¶ 12. Stroub and Neylan are committed to cooperating in the prosecution of this case. *See id.* ¶¶ 14-19. *See Bellicum*, 2019 WL 1367653, at *4 (appointing group that submitted a joint declaration that "demonstrates their plan to coordinate their efforts, oversee counsel, and diligently prosecute this litigation for the benefit of the class.") (internal quotations omitted).

Stroub and Neylan have further demonstrated their adequacy through their selection of Saxena White as proposed Lead Counsel for the Class and Ajamie as Liaison Counsel for the Class. As discussed below, Saxena White is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated its ability to effectively prosecute complex securities class actions and other forms of shareholder litigation.

In sum, Stroub and Neylan have demonstrated their willingness and commitment to working closely with and supervising Counsel and to obtain the best possible recovery for the class. Accordingly, Stroub and Neylan satisfy the adequacy requirement.

### B. The Court Should Approve Stroub and Neylan's Selection of Lead Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the class, subject to court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). "The court should not disturb the lead plaintiff's choice of counsel unless it is necessary to protect the interests of the [plaintiff] class." *Izadjoo v. Kratz*, No. 15-cv-2213, 2016 WL 343989, at *3 (S.D. Tex. Jan. 28, 2016) (citations and internal quotations omitted). Stroub and Neylan respectfully submit that their

selection of Saxena White as Lead Counsel and Ajamie as Liaison Counsel should be approved. *See* Firm Resumes, Edwards Decl., Exs. F and G.

Saxena White has achieved substantial recoveries on behalf of investor classes when serving as lead counsel in securities class actions in this District and throughout the country, including the $65 million recovery in *In re Apache Corp. Securities Litigation*, No. 21-cv-575 (S.D. Tex.). Other examples of exceptional recoveries achieved by Saxena White include: the $210 million recovery for the investor class in *In re Wilmington Trust Securities Litigation*, No. 10-cv-990 (D. Del.); the $135 million recovery in *Peace Officers' Annuity & Benefit Fund of Georgia v. DaVita Inc.*, No. 17-cv-304 (D. Colo.); the $73 million recovery in *In re Rayonier Inc. Securities Litigation*, No. 14-cv-1395 (M.D. Fla.); the $65 million recovery in *Black v. Snap Inc.*, No. 21-cv-8892 (C.D. Cal.) (pending final approval); the $63 million recovery in *Plymouth County Retirement System v. Patterson Cos. Inc.*, No. 18-cv-871 (D. Minn.); the $55 million recovery in *Leventhal v. Chegg, Inc.*, No. 21-cv-0953 (N.D. Cal.); and the $50 million recovery in *In re HD Supply Holdings, Inc. Securities Litigation*, No. 17-cv-2587 (N.D. Ga.).

Moreover, Saxena White achieved a $240 million settlement and significant corporate governance reforms in a derivative action on behalf of Wells Fargo & Company—the largest insurance-funded monetary recovery in a shareholder derivative settlement ever. *See In re Wells Fargo & Co. S'holder Derivative Litig.*, No. 4:16-cv-05541-JST (N.D. Cal.). Saxena White also achieved a $180 million settlement in a derivative action involving a corruption and bribery scheme, one of the largest shareholder derivative settlements in history, in *Bloom v. Anderson (FirstEnergy Corp. Derivative Litig.)*, No. 20-cv-4534 (S.D. Ohio). Indeed, Saxena White was selected as co-lead counsel for the First Energy matter not only for its "impressive" and "considerable track record[] of successfully prosecuting shareholder derivative actions," but also

for its "diverse team" that "best reflects the plaintiffs' diversity and is best suited to act on their behalf." *FirstEnergy*, No. 20-cv-4534, 2020 WL 6710429, at *8-9 (S.D. Ohio Nov. 16, 2020).

Ajamie is well qualified to represent the Class as Liaison Counsel. Ajamie maintains an office in Houston, Texas, and their attorneys have substantial litigation experience in the Southern District of Texas. *See* Edwards Decl., Ex. G; *see also* Manual for Complex Litigation (Fourth) § 10.221 (2004) (discussing role of liaison counsel and noting that "[l]iaison counsel will usually have offices in the same locality as the court."). Ajamie has also served as liaison counsel in other securities cases in this district. *See In re Apache Corp. Sec. Litig.*, No. 21-cv-575 (S.D. Tex.); *In re Venator Materials PLC Sec. Litig.*, No. 19-cv-3464 (S.D. Tex.); *In re Alta Mesa Res., Inc. Sec. Litig.*, No. 19-cv-957 (S.D. Tex.); *In re Applied Optoelectronics, Inc. Sec. Litig.*, No. 18-cv-3544 (S.D. Tex.); *In re Cobalt Int'l Energy, Inc. Sec. Litig.*, No. 14-cv-3428 (S.D. Tex.); and *In re Conn's Sec. Litig.*, No. 14-cv-548 (S.D. Tex.). Thus, the firm is well qualified to represent the Class as Liaison Counsel.

For these reasons, the Court may be assured by granting this Motion that the Class will receive the highest caliber of representation.

### V.  CONCLUSION

For the foregoing reasons, Stroub and Neylan respectfully request that the Court: (1) appoint them to serve as Lead Plaintiff for the Class; (2) approve their selection of Saxena White to serve as Lead Counsel for the Class and for Ajamie to serve as Liaison Counsel for the Class; and (3) grant such other and further relief as the Court may deem just and proper.

Dated: November 20, 2025                    Respectfully submitted,

                                            **AJAMIE LLP**

                                            By: */s/ Thomas R. Ajamie*
                                            Thomas R. Ajamie, Attorney-in-Charge

Texas Bar No. 00952400
S.D. Tex. No. 6165
John S. "Jack" Edwards, Jr.
Texas Bar No. 24040851
S.D. Tex. No. 38095
Pennzoil Place – South Tower
711 Louisiana, Suite 1600
Houston, TX 77002
Tel.: (713) 860-1600
Fax: (713) 860-1699
tajamie@ajamie.com
jedwards@ajamie.com

*Liaison Counsel for Stroub and Neylan, and Proposed Liaison Counsel for the Class*

**SAXENA WHITE P.A.**
Maya Saxena (*pro hac vice* forthcoming)
Lester R. Hooker (*pro hac vice* forthcoming)
7777 Glades Road, Suite 300
Boca Raton, FL 33434
Tel.: (561) 394-3399
Fax: (561) 394-3382
msaxena@saxenawhite.com
lhooker@saxenawhite.com

Marco A. Dueñas (*pro hac vice* forthcoming)
10 Bank Street, Suite 882
White Plains, NY 10606
Tel.: (914) 200-3263
Fax: (888) 631-3611
mduenas@saxenawhite.com

*Counsel for Stroub and Neylan, and Proposed Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 20, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all registered users.

*/s/ Thomas R. Ajamie*
Thomas R. Ajamie