EXHIBIT D

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| ALEX HERNANDEZ, Individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>RCI HOSPITALITY HOLDINGS, INC., ERIC S. LANGAN, and BRADLEY CHHAY,<br><br>　　　　　　　Defendants. | Case No. 4:25-cv-4477-KPE<br><br>Hon. Keith P. Ellison<br><br><u>CLASS ACTION</u><br><br>**ORAL ARGUMENT REQUESTED** |

**JOINT DECLARATION OF PAUL STROUB AND WILLIAM J. NEYLAN III IN SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND <u>APPROVAL OF SELECTION OF COUNSEL</u>**

Pursuant to 28 U.S.C. § 1746, we, Paul Stroub and William J. Neylan III, declare as follows:

1. We respectfully submit this Declaration in support of the motion of Paul Stroub and the W J Neylan III, T A Neylan TTEE, William J Neylan III REV Living TR, U/A 12/5/12 Trust (the "Neylan Trust") for appointment as Lead Plaintiff and approval of our selection of Saxena White P.A. ("Saxena White") to serve as Lead Counsel, and for Ajamie LLP to serve as Local Counsel for the proposed Class in the securities class action litigation against RCI Hospitality Holdings, Inc. ("RCI") and certain other defendants (collectively, "Defendants"). The litigation is brought on behalf of a Class of all persons or entities who purchased or otherwise acquired publicly traded RCI securities between December 15, 2021 and September 16, 2025. We each have personal knowledge of the information set forth in this Declaration and would testify competently thereto.

2. We are informed of and understand the requirements and duties imposed by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), including the selection and retention of counsel and overseeing the prosecution of the litigation.

3. I, Paul Stroub, am 63 years old, and I reside in Roseville, California. I earned a Bachelor's Degree in Economics from the University of California, Santa Barbara. I am a Certified Public Accountant ("CPA") and Managing Director of a CPA firm. I have invested in the securities markets for more than 20 years. As reflected in my Certification, I and my wife Olga K. Stroub, and Concord BK, LLC ("Concord"), a limited liability company established for the benefit of my family and of which I am a Managing Member, purchased RCI securities during the Class Period and suffered losses in connection with these transactions. In addition, as reflected in my Certification and the Assignments dated November 20, 2025, I am authorized to seek recovery of investment losses incurred by my wife and

Concord, who purchased RCI securities during the Class Period and suffered losses as a result of the violations of the securities laws alleged in this action. My wife, Concord, and I based our decisions to invest in RCI on our own research of publicly available information.

4. After seeing a press release about this lawsuit, I researched the circumstances surrounding the action, and through this research learned of the action's existence. After discussing with my wife, I decided to contact counsel and seek appointment as Lead Plaintiff because this was a meaningful loss to us, and, if the case is successful, I would like to approve of settlement terms. I feel strongly that the allegations raised in this case are serious ones and believe that this action must be efficiently litigated by well-qualified counsel to achieve the best possible recovery for all Class members from all potentially culpable parties. I also expressed my interest in partnering with another likeminded investor to prosecute this action.

5. I, William J. Neylan III, am 56 years old, and I reside in Tampa, Florida. I earned a Bachelor's Degree in Accounting from the University of South Florida. I am the owner and president of Tax Refund Services, Inc., where I offer income tax preparation and filing services. I have been investing in the securities markets for 28 years. I am Co-Trustee of the Neylan Trust and am authorized to make this declaration on its behalf. All transactions in RCI stock made by the Neylan Trust were executed by me. As reflected in my Certification, the Neylan Trust purchased RCI securities during the Class Period and suffered a loss as a result of the violations of the securities laws alleged in this action. I based my decisions to invest in RCI on my own research of publicly available information.

6. After seeing a press release for this lawsuit, I researched the circumstances surrounding the action, and through this research learned of the action's existence. I decided to contact counsel and seek appointment as Lead Plaintiff because this was a meaningful loss

to the Neylan Trust, and, if the case is successful, I would like to approve of settlement terms. I feel strongly that the allegations raised in this lawsuit are serious ones and believe that this action must be efficiently litigated by well-qualified counsel to achieve the best possible recovery for all Class members from all potentially culpable parties. I also expressed my interest in partnering with another likeminded investor to prosecute this litigation, and decided to retain Saxena White in part because it was representing an investor who suffered a similar loss, and decided that co-leadership would be in the Neylan Trust and Class's interests.

7. We understand that as class representatives and Lead Plaintiff, we would have an ongoing fiduciary obligation to the entire Class of RCI investors for whom a recovery may be sought through this litigation. We also understand the important roles fiduciaries have, including that it is our duty to monitor and oversee counsel in this matter. To do this, we will regularly communicate and coordinate with our counsel and receive status updates regarding the litigation, review pleadings and motion papers, discuss fees and expenses, and independently direct their activities, including with regard to any settlement negotiations. We also understand that it will be our obligation to ensure that the litigation is prosecuted effectively and vigorously on behalf of all members of the proposed Class. We are committed to fulfilling these responsibilities to the best of our abilities.

8. We also understand and appreciate the Lead Plaintiff's obligation to select and retain lead counsel and to monitor the action to ensure it is prosecuted efficiently. We have fulfilled this responsibility by selecting and retaining lead counsel with a proven history of handling this type of complex litigation. After discussing the possibility of recovering our investment losses and the possibility of serving as Lead Plaintiff with Saxena White, including the facts and merits of the action and the responsibilities of a court-appointed lead plaintiff

under the PSLRA, we retained Saxena White and instructed them to file a motion for appointment as Lead Plaintiff on our behalf.

9. We have also independently negotiated and executed retainer agreements with our counsel setting out the fee for which counsel may seek approval at the conclusion of the litigation, based on the outcome of the case.

10. We have taken steps to preserve documents related to our investments relevant to this litigation, and I, Paul Stroub, confirm that I also have coordinated with my wife and Concord to take steps to preserve documents related to their investments relevant to this litigation for which I have received an assignment of claims.

11. We understand that the lead plaintiff's share of any recovery is the same as every other Class member. As our certifications state, we will not accept any payment for serving as a representative party beyond a pro rata share, except any reasonable costs and expenses directly related to the class representation as ordered or approved by the Court pursuant to the PSLRA.

12. We are both highly motivated to recover the substantial losses that we incurred as a result of Defendants' violations of the federal securities laws. We believe that our financial interest is substantial enough to ensure the claims are litigated in vigorous, efficient, and economical manner in the best interests of the Class. Our primary goal in this litigation is to maximize the Class's recovery, from all potentially culpable parties, of losses caused by the alleged misconduct at the heart of this case, which raises significant concerns regarding the integrity of the public markets and transparency of information disseminated by publicly traded corporations.

13. We both independently determined that we could maximize the Class's recovery by seeking appointment as Lead Plaintiff in this case based on our complementary investments in RCI securities during the Class Period, similar backgrounds, experience working with lawyers in connection with our businesses, and our ability to share and combine resources. We have each reviewed a complaint filed in this action against RCI and discussed the lawsuit telephonically with our counsel at Saxena White.

14. Before filing this motion, we were aware of each other's interest in leading this case. We considered the benefits and potential drawbacks of proceeding individually or jointly as Lead Plaintiff. After considering the options and discussing the lead plaintiff process with counsel and each other, we decided to file a joint motion. Because of the complexity of the case, our collective investing experience and sophistication, and the substantial losses suffered as a result of Defendants' alleged violations of the federal securities laws, we each have the incentive, ability, and desire to work together to control the litigation and maximize the recovery for the Class. To the best of our knowledge, we do not have interests antagonistic to those of the Class and we are not subject to any unique defenses.

15. We agree that our partnership is well suited for this litigation and will further the interests of the Class. We are aware that the PSLRA expressly allows for the appointment of lead plaintiff groups, and courts throughout the country, including this District, endorse groups of investors serving as lead plaintiff when they are able to effectively oversee counsel in an independent manner and demonstrate that they will vigorously prosecute the action in the best interests of the Class. We intend to prosecute the action against Defendants in such an independent, efficient, and vigorous manner.

16. Prior to seeking appointment as Lead Plaintiff, we convened a conference call to discuss our commitment to jointly prosecuting this litigation. During the call, we discussed, among other things: the facts and the merits of the claims against Defendants; the losses arising from Defendants' misconduct; the strategy for the prosecution of this litigation; our shared desire to achieve the best possible result for the Class; views on how to best represent investors in actions pursuant to the PSLRA; and the shared interest in serving jointly as Lead Plaintiff in this case in order to, among other things, ensure that the Class's claims will be efficiently and zealously prosecuted through our oversight of our proposed Lead Counsel, Saxena White.

17. We intend to share our perspectives, experiences, and resources to direct this litigation. To that end, the joint conference call included discussion of the importance of joint decision-making and maintaining communication that will enable each of us to confer, with or without counsel, via telephone and/or email on short notice to ensure that we are able to make timely decisions.

18. We do not anticipate that any disagreements between us will arise and are committed to making all efforts, in good faith, to reach consensus with respect to litigation decisions. We will consult with our counsel as we deem necessary to fulfill our fiduciary obligation to the Class. The rendering of decisions will be a collective effort by both of us, taking into account each others' respective experiences as well as relative financial interest in this litigation. We recognize that even in the event of such a disagreement, the ultimate decision will necessarily be informed by consulting one another and our counsel.

19. We have each other's contact information. Either one of us may call for a meeting or conference call at any time, including on an emergency basis if necessary. We understand that these meetings or conference calls may be conducted without counsel. We are

able and willing to reconvene future calls, as well as attend in-person meetings, and communicate via email, as often and regularly as necessary to ensure responsible oversight and direction of counsel if we are appointed Lead Plaintiff. We do not foresee any problems communicating with one another or staying abreast of the progress of this litigation.

20. With respect to our selected counsel, we believe that the Class will benefit from having a law firm experienced in litigating securities class actions successfully as Lead Counsel. We are aware of the experience, resources, and success of our proposed Lead Counsel, Saxena White, and we are aware they are an accomplished law firm with a history of achieving significant monetary recoveries through litigation. *See, e.g.*, the $65 million recovery in *In re Apache Corp. Securities Litigation*, No. 21-cv-575 (S.D. Tex.).

21. We are satisfied that Saxena White is capable of diligently prosecuting the Class's claims under our supervision. In furtherance of our duties to the Class, we have instructed Saxena White to vigorously prosecute the litigation in a cost-effective and efficient manner while obtaining the best result for the Class and to provide updates regularly, or as frequently as necessary. We believe the experience and success of Saxena White in prosecuting securities class actions, combined with our oversight, will ensure that the Class receives the best possible representation.

22. We hereby reaffirm our commitment to satisfying the fiduciary obligations that we will assume if appointed Lead Plaintiff, including by conferring with counsel regarding litigation strategy and other matters, attending court proceedings, depositions, settlement mediations, and hearings as needed, and reviewing and authorizing the filing of important litigation documents. Through these and other measures, we will ensure that the RCI securities litigation will be vigorously prosecuted consistent with the Lead Plaintiff's obligations under

the PSLRA and in the best interests of the Class, and will seek to obtain the best possible recovery for the Class.

**[BALANCE OF PAGE INTENTIONALLY LEFT BLANK]**

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _____ day of November 2025.

*Paul Stroub*
Paul Stroub (Nov 20, 2025 07:46:06 PST)

PAUL STROUB

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _____ day of November 2025.

*William J. Neylan III*
William J. Neylan III (Nov 20, 2025 11:15:46 EST)

WILLIAM J. NEYLAN III, CO-TRUSTEE,
ON BEHALF OF THE W J NEYLAN III,
T A NEYLAN TTEE, WILLIAM J NEYLAN III
REV LIVING TR, U/A 12/5/12 TRUST