UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALEX HERNANDEZ, Individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>   v.<br><br>RCI HOSPITALITY HOLDINGS, INC., ERIC S. LANGAN, and BRADLEY CHHAY,<br><br>            Defendants. | Case No. 4:25-cv-4477-KPE<br><br>Hon. Keith P. Ellison<br><br><u>CLASS ACTION</u> |

**RESPONSE IN FURTHER SUPPORT OF THE MOTION OF
STROUB AND NEYLAN FOR APPOINTMENT AS LEAD PLAINTIFF AND
APPROVAL OF SELECTION OF COUNSEL, AND IN
OPPOSITION TO THE COMPETING MOTION**

Paul Stroub and Neylan Trust ("Stroub and Neylan") respectfully submit this response in further support of their motion for appointment as Lead Plaintiff (ECF No. 10),[1] and in opposition to the competing motion.[2]

## I.   NATURE AND STAGE OF PROCEEDINGS

Stroub and Neylan have timely filed a motion, pursuant to Section 21D(a)(3) of the Exchange Act, 15 U.S.C. § 78u- 4(a)(3), as amended by the PSLRA, requesting that the Court: (1) appoint Stroub and Neylan as Lead Plaintiff for the Class; and (2) approve their selection of Saxena White as Lead Counsel for the Class and Ajamie as Liaison Counsel for the Class.

## II.   ISSUES TO BE RULED ON BY COURT

(1) Whether Stroub and Neylan should be appointed as Lead Plaintiff because they are the movant asserting the largest financial interest, have made a prima facie showing of typicality and adequacy under Rule 23, and are not subject to unique defenses.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii) (requiring the court appoint as lead plaintiff the movant with the largest financial interest in the action that also satisfies Rule 23(a)'s adequacy and typicality requirements); and

(2) Whether Stroub and Neylan's selection of Saxena White as Lead Counsel and Ajamie as Liaison Counsel for the Class should be approved. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) (providing the lead plaintiff with authority to select lead counsel subject to the court's approval).

## III.   SHORT SUMMARY OF ARGUMENT

With a loss of $375,033, Stroub and Neylan have the largest financial interest in this action. Stroub and Neylan's loss is more than three times greater than the loss claimed by Biales—the

---

[1] Unless otherwise noted, all capitalized but undefined terms have the meanings ascribed in Stroub and Neylan's opening brief (ECF No. 10), all emphasis is added, and internal quotations and citations are omitted.

[2] In addition to Stroub and Neylan, competing motions were filed by Scott Biales ("Biales") (ECF No. 9) and Douglas Snyder ("Snyder") (ECF No. 8).  On December 11, 2025, Snyder withdrew his motion (ECF No. 13).

only other class member seeking appointment as Lead Plaintiff.  *Compare* ECF No. 10-3 *with* ECF

Nos. 9-4.



In fact, Paul Stroub and Neylan Trust each have larger losses, standing alone, than Biales:

Stroub with a 70% larger loss, and Neylan Trust with a 75% larger loss.  *See id.*



The PSLRA specifies that the presumptive lead plaintiff in a securities class action is the movant with the largest financial interest that also meets the typicality and adequacy requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Stroub and Neylan are the presumptive Lead Plaintiff here because they also satisfy Rule 23's typicality and adequacy requirements and will provide effective and vigorous representation to absent Class members. ECF No. 10 at 10-13. Stroub and Neylan have submitted a Joint Declaration discussing their backgrounds, attesting to their understanding of the lead plaintiff's role under the PSLRA, and detailing their strategy for overseeing the litigation. *See* ECF No. 10-5. Moreover, Stroub and Neylan have chosen counsel with substantial experience successfully leading securities class actions in this District and throughout the country. ECF No. 10 at 13-15.

Because Stroub and Neylan have the largest financial interest in the litigation and have made a prima facie showing of their typicality and adequacy, they are entitled to a strong presumption that they are the most adequate plaintiff. Under the PSLRA, that presumption can only be rebutted "***upon proof***" that Stroub and Neylan are inadequate or atypical. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No such "proof" exists, and there are no grounds to challenge Stroub and Neylan's typicality or adequacy. *See Town of Davie Police Pension Plan v. Pier 1 Imports, Inc.*, No. 15-cv-3415, 2016 WL 1625774, at *5 (N.D. Tex. Apr. 25, 2016) (finding opposing movant failed to offer "any proof" of presumptive lead plaintiff's inadequacy and holding that "speculative assertions are insufficient to rebut the presumption that [the presumptive lead plaintiff] is the most adequate plaintiff.").

Accordingly, Stroub and Neylan respectfully request that the Court appoint them as Lead Plaintiff, approve their selection of Lead and Liaison Counsel, and deny the competing motion.

## IV.    ARGUMENT

Pursuant to the PSLRA, the Court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. § 78u-4(a)(3)(B)(i).  The PSLRA creates a strong presumption that the most adequate plaintiff is "the person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  While the presumption is rebuttable, it can be rebutted "only upon ***proof*** by a member of the purported plaintiff class that the presumptively most adequate plaintiff" either (1) "will not fairly and adequately protect the interests of the class" or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Courts in the Fifth Circuit consider the four *Lax-Olsten* factors in determining the largest financial interest, with approximate losses being the most important of the four factors: (1) the number of shares purchased, (2) the number of net shares purchased, (3) the total net funds expended by the plaintiff(s) during the class period, and (4) the approximate losses suffered by the plaintiff(s). *See Kakkar v. Bellicum Pharms., Inc.*, No. 18-cv-338, 2019 WL 1367653, at *2 (S.D. Tex. Mar. 26, 2019) (reciting the four factors and noting that "[c]ourts place the greatest emphasis on the fourth factor, financial loss suffered by the plaintiffs.").

Here, Biales cannot trigger the presumption because he lacks the largest financial interest. In addition, Biales cannot rebut the presumption that Stroub and Neylan are the most adequate plaintiff because there is no proof of inadequacy or unique defenses.  Accordingly, Stroub and Neylan's motion should be granted in its entirety, and Biales's motion should be denied.

### A.    Stroub and Neylan Have the Largest Financial Interest

Stroub and Neylan have the largest financial interest in the relief sought by the Class. This District, consistent with courts throughout this Circuit, has held that a movant's loss is the most important factor in determining whether the movant has the largest financial interest in the litigation. *See Bender v. Vertex Energy, Inc.*, No. 23-cv-2145, 2024 WL 588445, at *5 (S.D. Tex. Feb. 1, 2024) (comparing movant losses and finding that movant with the largest loss had the largest financial interest); *Ramzan v. GDS Holdings, Ltd.*, No. 18-cv-539, 2018 WL 10780485, at *2 (E.D. Tex. Oct. 26, 2018) (same).

Here, Stroub and Neylan incurred a loss that is ***more than triple*** the loss claimed by Biales:

| MOVANT | CLAIMED LOSS |
|---|---|
| **Stroub and Neylan** | $375,033 |
| **Biales** | $108,656 |

*Compare* ECF No. 10-3 *with* ECF No. 9-4. Further, Paul Stroub and Neylan Trust alone incurred losses of approximately $184,770 and $190,263, respectively—both significantly larger than that of Biales. *See id.* Courts consistently appoint movant groups that include a group member with a loss larger than that of any competing movant. *See*, *e.g.*, *Bellicum*, 2019 WL 1367653, at *4 (appointing lead plaintiff group where one member possessed "the largest loss of all the [m]ovants."); *Stein v. Match Grp., Inc.*, No. 16-cv-549, 2016 WL 3194334, at *4 (N.D. Tex. June 9, 2016) (appointing pair of individuals where both group members had the largest loss of any individual movant); *Lentz v. Citadel Sec. Software, Inc.*, No. 3:05-cv-100, 2005 WL 1249441, at *2 (N.D. Tex. May 25, 2005) (appointing four-member group where one member suffered losses greater than those of any other individual seeking lead plaintiff status).

As shown in the chart below, in addition to asserting a significantly greater loss than Biales, Stroub and Neylan have a greater financial interest than Biales under all four *Lax-Olsten* factors. Specifically, Stroub and Neylan also purchased more shares (on a total and net basis) and expended greater net funds on those purchases than Biales. Moreover, Paul Stroub and Neylan Trust each expended greater net funds on an individual basis than Biales, and Neylan Trust purchased more total and net shares on an individual basis than Biales. *See Bellicum*, 2019 WL 1367653, at *2 (finding lead plaintiff group of four individuals with largest financial interest under each factor "suffered the largest financial loss and therefore has the largest financial interest."); *Izadjoo v. Kratz*, No. 15-cv-2213, 2016 WL 343989, at *3 (S.D. Tex. Jan. 28, 2016) (finding pair of individuals moving jointly for lead plaintiff had the largest financial interest where "[t]hey purchased the largest number of total and net shares, spent the largest amount of total net funds, and suffered the largest loss.").

| MOVANT | TOTAL SHARES PURCHASED | NET SHARES PURCHASED | NET FUNDS EXPENDED | CLAIMED LOSS |
|---|---|---|---|---|
| Stroub and Neylan | 22,186 | 12,815 | $719,002 | $375,033 |
| Stroub | 4,995 | 3,815 | $298,720 | $196,321 |
| Neylan Trust | 17,191 | 9,000 | $431,833 | $190,263 |
| Biales | 6,051 | 3,885 | $208,293 | $108,658 |

*Compare* ECF No. 10-3 at 10 *with* ECF No. 9-4.[3]

Accordingly, under any relevant calculation, there can be no credible dispute that Stroub and Neylan have "the largest financial interest in the relief sought by the class." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

---

[3] As noted in Stroub and Neylan's loss summary, ECF 10-3 at 10, this chart omits options purchases and sales from Shares Purchased and Net Shares Purchased/(Sold). This was done here in order to compare the movants' respective financial interests in RCI common stock. Biales did not transact in RCI options.

### 1.     Stroub and Neylan Satisfy Rule 23's Requirements and Are Entitled to the Most Adequate Plaintiff Presumption

To satisfy the requirements of Rule 23 at the lead plaintiff motion stage, movants need only make a "preliminary showing" that they meet the typicality and adequacy prerequisites of Rule 23. *Kratz*, 2016 WL 343989, at *2; *see also Parker v. Hyperdynamics Corp.*, No. 12-cv-999, 2013 WL 623164, at *3 (S.D. Tex. Feb. 19, 2013) ("Although the inquiry at this stage of the litigation is not as searching as the one triggered by a subsequent motion for class certification, the proposed lead plaintiff must make at least a preliminary showing of [typicality and adequacy].").

As demonstrated in their opening memorandum, Stroub and Neylan clearly satisfy both requirements. *See* ECF No. 10 at 10-13. Stroub[4] and Neylan satisfy the typicality requirement because they suffered financial harm as a result of Defendants' public dissemination of false and misleading statements in violation of the Exchange Act—the same course of conduct that harmed the rest of the Class—and, like other Class members, they seek to recover their monetary losses. Fed. R. Civ. P. 23(a)(3); *see also Bellicum*, 2019 WL 1367653, at *2 (discussing the typicality requirement). Stroub and Neylan also satisfy Rule 23's adequacy requirement because they are capable of "fairly and adequately protect[ing] the interests of the class." Fed. R. Civ. P. 23(a)(4); *see also Bellicum*, 2019 WL 1367653, at *4 (discussing the adequacy requirement).

Courts in this District and throughout the Circuit routinely appoint groups of investors that have demonstrated an ability to fairly and adequately represent the interests of absent class

---

[4] As noted in Stroub and Neylan's motion, Stroub received valid assignments of claims from his wife Olga K. Stroub ("Mrs. Stroub") and Concord BK, LLC ("Concord") (a limited liability company established for the benefit of the Stroub family and for which Stroub is the Managing Member), which transfer all rights and title to prosecute all causes of action relating to their transactions in RCI securities, prior to the filing of Stroub and Neylan's motion. *See* ECF No. 10 at 6, n.3; *see also* ECF No. 10-4 (assignments). Like all other Class members, Stroub, Mrs. Stroub, and Concord purchased RCI securities during the Class Period and suffered losses in connection with these transactions. *See* ECF No. 10-5, ¶ 3. Like all other Class members, Stroub, Mrs. Stroub, and Concord based their decisions to invest in RCI securities on their own research of publicly available information, and Stroub seeks recovery of their investment losses that resulted from the Exchange Act violations alleged in this action. *See id.*

members.  *See Bellicum*, 2019 WL 1367653, at \*5 (appointing group of four individuals); *Match*, 2016 WL 3194334, at \*8 (appointing pair of individuals); *Citadel*, 2005 WL 1249441, at \*2 (appointing group of four individuals).

Stroub and Neylan submitted evidence of their cohesiveness and ability to direct this litigation jointly and in the best interests of the Class.  *See* ECF No. 10-5.  As set forth in their Joint Declaration, Stroub and Neylan fully appreciate and understand the Lead Plaintiff's role under the PSLRA to supervise the vigorous prosecution of the action in the best interests of the Class, including through their mutual oversight of their chosen counsel, Saxena White (proposed Lead Counsel) and Ajamie LLP (proposed Liaison Counsel).  *See* ECF No. 10-5, ¶¶ 7-8, 19, 21-22; *see also Bellicum*, 2019 WL 1367653, at \*4 (finding group satisfied the presumption of adequacy where their joint declaration "demonstrates their plan to coordinate their efforts, oversee counsel, and diligently prosecute this litigation for the benefit of the class.").  Indeed, Stroub and Neylan are committed to satisfying the fiduciary obligations of the Lead Plaintiff and to ensuring that this action will be vigorously litigated in the best interests of the Class.  *See id.* ¶¶ 12, 15, 22.

Further, there is no conflict of interest between Stroub and Neylan's interests and those of the other Class members.  To the contrary, the interests of Stroub and Neylan and other Class members are directly aligned because all suffered damages from their purchases of RCI securities at prices artificially inflated by Defendants' misconduct.  As discussed more fully above, Stroub and Neylan clearly have a sufficient financial interest in this case to ensure the vigorous prosecution of this litigation, and they have demonstrated their commitment to prosecuting this action in the best interests of the Class.  *See id.* ¶¶ 7-11, 16-19.

Accordingly, the Court should find that Stroub and Neylan are entitled to the presumption that they are the "most adequate plaintiff" and should be appointed Lead Plaintiff.

**B.**　　**The Competing Motion Should Be Denied**

To rebut the presumption in favor of Stroub and Neylan's appointment as Lead Plaintiff, the PSLRA requires that Biales submit "proof" that Stroub and Neylan "will not fairly and adequately protect the interest of the class," or are "subject to unique defenses." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). None exists. Consequently, because Stroub and Neylan are the presumptive Lead Plaintiff, the Court should deny the motion of Biales.

## V.　　CONCLUSION

The PSLRA has established that the investor or investors with the largest financial interest that also satisfy the requirements of Rule 23 are entitled to the most adequate plaintiff presumption. Biales does not possess the largest financial interest and, therefore, cannot trigger the presumption and cannot rebut with proof the presumption that Stroub and Neylan are the most adequate plaintiff. Accordingly, Stroub and Neylan respectfully submit that their motion should be granted, and the competing motion of Biales should be denied.

Dated: December 11, 2025

Respectfully submitted,

**AJAMIE LLP**

By: */s/ Thomas R. Ajamie*
Thomas R. Ajamie, Attorney-in-Charge
Texas Bar No. 00952400
S.D. Tex. No. 6165
John S. "Jack" Edwards, Jr.
Texas Bar No. 24040851
S.D. Tex. No. 38095
Pennzoil Place – South Tower
711 Louisiana, Suite 1600
Houston, TX 77002
Tel.: (713) 860-1600
Fax: (713) 860-1699
tajamie@ajamie.com
jedwards@ajamie.com

*Liaison Counsel for Stroub and Neylan, and
Proposed Liaison Counsel for the Class*

9

**SAXENA WHITE P.A.**
Maya Saxena (*pro hac vice* forthcoming)
Lester R. Hooker (*pro hac vice* forthcoming)
7777 Glades Road, Suite 300
Boca Raton, FL 33434
Tel.: (561) 394-3399
Fax: (561) 394-3382
msaxena@saxenawhite.com
lhooker@saxenawhite.com

Marco A. Dueñas (*pro hac vice* forthcoming)
10 Bank Street, Suite 882
White Plains, NY 10606
Tel.: (914) 200-3263
Fax: (888) 631-3611
mduenas@saxenawhite.com

*Counsel for Stroub and Neylan, and*
*Proposed Lead Counsel for the Class*

10

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on December 11, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all registered users.

*/s/ Thomas R. Ajamie*
Thomas R. Ajamie
