**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| ALEX HERNANDEZ, Individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>RCI HOSPITALITY HOLDINGS, INC., ERIC S. LANGAN, and BRADLEY CHHAY,<br><br>  Defendants. | Case No: 4:25-cv-04477<br><br>CLASS ACTION<br><br>**MOVANT SCOTT BIALES' REPLY IN FURTHER SUPPORT OF LEAD PLAINTIFF MOTION**<br><br>JUDGE KEITH P. ELLISON |

**STATEMENT OF NATURE AND STAGE OF PROCEEDINGS**

This matter is a putative securities class action against RCI Hospitality Holdings, Inc. and certain of its officers and executives. Pursuant to PSLRA procedure, the matter is now at the lead plaintiff selection stage. See 15 U.S.C. §78u-4(a)(3)(B). Two parties have put forth motions seeking to appointed lead plaintiff, and have further filed their respective opposition papers. Dkt. Nos. 14, 15. Here, Movant Scott Biales ("Movant" or "Mr. Biales"), respectfully submits this Reply Memorandum of Law in Further Support of his Lead Plaintiff Motion and in Opposition to the Competing Motion to Appoint Lead Plaintiff. Dkt. No. 10.

**STATEMENT OF THE ISSUES TO BE RULED UPON BY THE COURT**

I. Whether Movant is the "most adequate plaintiff," and should be appointed Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B)(i), and whether the competing Lead Plaintiff motion should be denied accordingly.

II. Whether Movant's selection of Rosen Law as Lead Counsel should be approved. Under the PSLRA, the most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class. See 15 U.S.C. §78u-4(a)(3)(B)(v).

1

## INTRODUCTION

The Stroub-Neylan group's rationale for joining together does not pass muster, and it is therefore an inadequate lead plaintiff movant. While the group cites a loss of $375,033.57, this figure is a mirage, as it relies on an inappropriate amalgamation of its members' losses. Furthermore, Mr. Stroub's options trading – which included put contracts that render him precisely opposed to the class – should disqualify the group as a whole from serving as lead plaintiff. Because the Stroub-Neylan group is not an appropriate representative for the class under the PSLRA, Mr. Biales, who lost $108,656, is the presumptive Lead Plaintiff. Dkt. No. 9 at 4. Mr. Biales should be appointed Lead Plaintiff, and his selection of Lead Counsel should be approved.

## ARGUMENT

### I. THE STROUB-NEYLAN GROUP IS INADEQUATE AND ATYPICAL

**a. The Stroub-Neylan group has not shown that it would be adequate and typical despite its members' lack of a pre-existing relationship.**

Mr. Biales has previously argued that the Stroub-Neylan group, being a pair of unrelated individuals with no pre-existing relationship, lacks the cohesiveness to adequately represent the class. The Stroub-Neylan group's opposition papers prove this. The group makes much hay of the fact that, individually, each of its members have somewhat larger claimed losses than Mr. Biales, but this is unavailing for two reasons.

First, group movants rise and fall together. *See Marcus v. J.C. Penney Co., Inc.,* 2014 WL 11394911 at *6 (E.D. Tex. Feb. 28, 2014) ("Because Mr. Webb [a group member] did not individually submit a motion for lead plaintiff, his consideration for appointment as lead plaintiff rises and falls with the group."). To the extent that the Stroub-Neylan group is suggesting that the court consider either of its constituent individuals to be lead plaintiff, courts consistently reject

2

that argument. *See Abouzied v. Applied Optoelectronics, Inc,* No. 4.17-CV-2399, 2018 WL 539362, at *5 (S.D. Tex. Jan. 22, 2018) ("the Court will not consider the suggestion that it select one member of the group"). Indeed, the Stroub-Neylan group's eagerness to disaggregate its own losses belies the argument that it is a cohesive group, rather than an artificial collection of parts that can be disassembled at will by its counsel. *See Buettgen v. Harless,* 263 F.R.D. 378, 382 (N.D. Tex. 2009) (writing that "such a willingness to abandon the group only suggests how loosely it was put together") (internal citation omitted).

Second, although Mr. Stroub and Mr. Neylan ultimately claim larger individual losses than Mr. Biales, this does not obviate the fact that they were improperly joined together by their counsel for the purpose of creating the largest financial interest. As a general rule, as in this instance, lead plaintiff movants are not aware of the financial losses of competing movants until such losses are revealed in the competing movants' motion papers. That the Stroub-Neylan group's members ended up with larger claimed losses than Mr. Biales is simply luck of the draw, and does not cut against the fact that their counsel made the *ex-ante* decision to join them in an effort to aggregate their losses and defeat any potential competitors with higher losses. Rather, the motives underlying such an aggregation remain the same regardless of the ultimate quantum of financial loss.

In addition, much of the authority cited by the Stroub-Neylan group is inapposite. For example, in *Izadjoo v. Kratz*, the movant group was unopposed. No. CV H-15-2213, 2016 WL 343989 (S.D. Tex. Jan. 28, 2016). In *Stein v. Match Grp., Inc.*, meanwhile, the only non-group movant had a near *de minimis* loss, with the group having a loss more than fifteen times greater than the individual. No. 3:16-CV-549-L, 2016 WL 3194334 at *4 (N.D. Tex. June 9, 2016). This is not the case here, as Mr. Biales has lost over a hundred thousand dollars. Dkt. No. 9-4. In

contrast, the more cogent and applicable line of caselaw emphasizes the importance of a pre-existing relationship between group members, and cautions against allowing random agglomerations of unrelated individuals to direct securities class actions. *See Berger v. Compaq Comput. Corp.*, 257 F.3d 475, 478 n.2 (5th Cir. 2001); *Buettgen v. Harless*, 263 F.R.D. 378 (N.D. Tex. 2009); *In re Waste Management, Inc.*, 128 F. Supp. 2d 401, at *431-432 (S.D. Tex. 2000); *Makhlouf v. Tailored Brands, Inc.*, 2017 WL 1092311, at *6 (S.D. Tex. Mar. 23, 2017). This is precisely the arrangement contemplated by the Stroub-Neylan group, which is indeed an assemblage of unrelated individuals.

The joint declaration submitted by the group, meanwhile, raises more questions than it answers. *See* Dkt. No. 10-5. Most pressingly, it is not clear how the group intends to resolve any issues that may arise, as there is no clear dispute resolution mechanism proposed – which is a concern here, as two-person groups like the Stroub-Neylan group cannot resolve disputes by a simple majority vote. Indeed, in finding that a group movant was adequate, the court in *Match* relied in part on the group's agreement on a dispute resolution mechanism. 2016 WL 3194334, at *6 (N.D. Tex. June 9, 2016) ("the McCloskey Group has submitted evidence to explain… how potential disputes among the members or counsel would be resolved."). The lack of such a mechanism here, in contrast, is disqualifying.

### b. Mr. Stroub's options trading is an independently disqualifying factor.

Regardless of the group's improper construction, Mr. Biales reiterates that Mr. Stroub's options trading is an independently sufficient reason as to why the Stroub-Neyland group is an inadequate and atypical lead plaintiff movant. It is beyond dispute that a trader such as Mr. Stroub that purchases put options – thereby betting that the stock price in question goes down – is situated differently than (or in other words, *atypical to*) conventional stock purchasers, who

wish to see the stock price go up. Many courts therefore find that options traders are inadequate and/or atypical lead plaintiff movants. *See Patel v. Reata Pharms., Inc.*, 549 F. Supp. 3d 559, 566–67 (E.D. Tex. 2021) (collecting cases); *see also Gelt Trading, Ltd. v. Co-Diagnostics*, Inc., 2021 WL 913934, at *4 (D. Utah Mar. 10, 2021) (collecting cases). As such, the Court should find that Stroub-Neylan group is inadequate and atypical, and therefore cannot be appointed lead plaintiff.

## II. THE PRESUMPTION THAT MR. BIALES IS THE MOST ADEQUATE PLAINTIFF HAS NOT BEEN REBUTTED

Mr. Biales has previously set out his qualifications and his loss in RCI stock. *See* Dkt. No. 14 at *6*. To overcome the strong presumption entitling Mr. Biales to be appointed Lead Plaintiff, the PSLRA requires "proof" that the presumptive lead plaintiff is inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). The Stroub-Neylan group has not challenged Mr. Biales' adequacy, and has therefore waived any such argument, should it be forthcoming. *See In re Egidi, 571 F.3d 1156, 1163 (11th Cir. 2009)* ("Arguments not properly presented in a party's initial brief or raised for the first time in the reply brief are deemed waived.") As such, Mr. Biales should be appointed Lead Plaintiff.

## CONCLUSION

For the foregoing reasons, Movant respectfully reaffirms its request that the Court issue an Order: (a) appointing Movant as Lead Plaintiff of the class; (b) approving The Rosen Law Firm P.A. as Lead Counsel; and (c) granting such other relief as the Court may deem to be just and proper.

Dated: December 18, 2025					Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**
/s/ *Phillip Kim*
Phillip Kim, Esq., attorney-in-charge
State Bar Number: NY4145397
S.D. Tex. Bar Number: 1036827275
Madison Avenue, 40th Floor
New York, NY 10116
Phone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com

*[Proposed] Lead Counsel for Plaintiff and Class*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 18th day of December 2025, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

                                     */s/ Phillip Kim*