# Exhibit 9

## *Prause v. TechnipFMC, PLC*

United States District Court for the Southern District of Texas, Houston Division

January 18, 2019, Decided; January 18, 2019, Filed, Entered

CIVIL ACTION NO. 4:17-CV-02368

**Reporter**
2019 U.S. Dist. LEXIS 44230 *

JOSEPH PRAUSE, Plaintiff, VS. TECHNIPFMC, PLC, et al, Defendants.

**Subsequent History:** Class certification granted by *Prause v. TechnipFMC, PLC, 2020 U.S. Dist. LEXIS 115794, 2020 WL 3549686 (S.D. Tex., Mar. 9, 2020)*

Costs and fees proceeding at *Prause v. Technipfmc Plc, 2021 U.S. Dist. LEXIS 245274 (S.D. Tex., Mar. 23, 2021)*

**Counsel:** [*1] Joseph Prause, Plaintiff: Austin P Van, J. Alexander Hood, Jeremy A Lieberman, LEAD ATTORNEYS, Pomerantz LLP, New York, NY USA; Patrick V Dahlstrom, LEAD ATTORNEY, Pomerantz Grossman, Chicago, IL USA; Marc I Gross, Pomerantz Grossman Hufford Dahlstrom & Gross, New York, NY USA; Willie C Briscoe, The Briscoe Law Firm, PLLC, Dallas, TX USA.

For Technipfmc, Plc, Maryann T. Mannen, Douglas J. Pferdehirt, Defendants: Katherine B. Palmer-Ball, Latham & Watkins LLP, Washington, DC USA; Kevin H Metz, PRO HAC VICE, Latham Watkins, Washington, DC USA; Peter A Wald, Latham Watkins LLP, San Francisco, CA USA; Srinivas Giriraj Pathmanaban, Latham Watkins LLP, Menlo Park, CA USA.

For Tore Halvorsen, Defendant: Katherine B. Palmer-Ball, Latham & Watkins LLP, Washington, DC USA; Kevin H Metz, Latham Watkins, Washington, DC USA; Peter A Wald, Latham Watkins LLP, San Francisco, CA USA; Srinivas Giriraj Pathmanaban, Latham Watkins LLP, Menlo Park, CA USA.

For Dianne B Ralston, Defendant: Peter A Wald, Latham Watkins LLP, San Francisco, CA USA.

**Judges:** Honorable Alfred H. Bennett, United States District Judge.

**Opinion by:** Alfred H. Bennett

# Opinion

## ORDER

Before the Court are Defendants' (TechnipFMC, PLC, Maryann T. Mannen, Douglas J. Pferdehirt, [*2] and Dianne B. Ralston) Motion to Dismiss Plaintiff's Amended Complaint (Doc. #34), Plaintiff's Response (Doc. #42), and Defendants' Reply (Doc. #43). Defendant Tore Halvorsen filed a Motion Joining in Co-Defendants' Motion to Dismiss (Doc. #50). The Court also heard oral argument concerning this Motion on June 15, 2018. After reviewing the parties' arguments and applicable legal authority, the Court grants in part and denies in part Defendants' Motion to Dismiss.

## I. Background

This case involves a federal securities class action brought by the lead plaintiff Joseph Prause ("Plaintiff") on behalf of all persons who purchased or otherwise acquired TechnipFMC, PLC ("TechnipFMC") securities in the United

States between January 26, 2017, and July 24, 2017. Doc. #30 at 1. TechnipFMC was formed in January 2017 after a merger of two companies: Technip S.A., a French société anonyme (S.A.), and FMC Technologies, Inc., a United States corporation. Plaintiff brings this case against TechnipFMC, the chief executive officer Douglas J. Pferdehirt ("Pferdehirt"), the chief financial officer Maryann T. Mannen ("Mannen"), the principal executive officer Tore Halvorsen ("Halvorsen") and the executive **[*3]** vice president Dianne B. Ralston ("Ralston") (both of whom signed[1] the Securities Exchange Commission ("SEC") Registration Statement). Plaintiff refers to TechnipFMC, Halvorsen, and Ralston as the "Securities Act Defendants" and TechnipFMC, Mannen, and Pferdehirt as the "Exchange Act Defendants." Doc. #30 at 5-6. Plaintiff alleges violations of *Section 10(b)* and *Section 20(a)* of the Securities Exchange Act of 1934 ("Exchange Act"), *15 U.S.C. § 78j(b)* and *78t(a)* and *Rule 10b-5*, *17 C.F.R. § 240.10b-5*, against the Exchange Act Defendants. *Id.* at 26-27. Additionally, Plaintiff alleges violations of *Section 11* and *Section 15* of the Securities Act of 1933 ("Securities Act"), *15 U.S.C. § 77k* and *77o*, against the Securities Act Defendants. *Id.* at 28-30.

Plaintiff's allegations arise from errors in certain foreign currency calculations that resulted in an overstatement of TechnipFMC's net income in its Registration Statements filed with the SEC. *Id.* at 2-3. As to the *Section 11* and *15* claims, Plaintiff alleges that Defendants made material misstatements in the Registration Statements concerning TechnipFMC's financial data, the propriety of its foreign conversion rates, and its compliance with international accounting standards. *Id.* at 3. Additionally, Plaintiff alleges that Defendants were severely reckless in overstating TechnipFMC's net income thereby violating **[*4]** *Section 10(b)* and *20(a)*.

Defendants now move to dismiss Plaintiff's Amended Complaint (Doc. #30) arguing that Plaintiff failed to plead a strong inference of scienter with respect to the *Section 10(b)* claims and failed to plead a materially false or misleading statement in the Registration Statements necessary for a *Section 11* claim. Doc. #34 at 8. Defendants also argue that because Plaintiff failed to allege primary violations of *Section 10(b)* and *Section 11* that the secondary *Section 20(a)* and *Section 15* claims fail as a matter of law. The questions before the Court are whether the misstatements alleged by Plaintiff as violating *Section 11* were material and whether Plaintiff pleaded sufficient facts to support the requisite scienter for a viable *Section 10(b)* claim.

## II. Legal Standard Motion to Dismiss

### A. *Section 10(b)*

For *Section 10(b)* allegations, Plaintiff must satisfy the heightened pleading requirements of *Rule 9(b)*. *Rule 9(b)* requires the complaint to "state with particularity the circumstances constituting the fraud." *Fed. R. Civ. P. 9(b)*. In the Fifth Circuit, the *Rule 9(b)* standard requires "specificity as to the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and an explanation why they are fraudulent." *Schott v. Nobilis Health Corp., 211 F.Supp.3d 936, 948 (S.D. Tex. 2016)* (citing *Plotkin v. IP Axess Inc., 407 F.3d 690, 696 (5th Cir. 2005))*.

Furthermore, the Private Securities Litigation Reform Act ("PSLRA"), *15 U.S.C. § 78u-4(b)(2)*, requires that **[*5]** a plaintiff in a securities fraud case must, for "each act or omission alleged" to be false or misleading, "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." *15 U.S.C. § 78u-4(b)(2)*; *see also Ind. Elec. Workers' Pension Trust Fund IBEW v. Shaw Group, Inc., 537 F.3d 527, 533 (5th Cir. 2008)*; *Nathenson v. Zonagen Inc., 267 F.3d 400, 407 (5th Cir. 2001)* ("[A] plaintiff alleging a *section 10(b)/Rule 10b-5* claim must now plead specific facts giving rise to a strong inference of scienter"). The requisite scienter consists of "an intent to deceive, manipulate, or defraud" or "severe recklessness in which the danger of misleading buyers or sellers is either known to the defendant or is so obvious that the defendant must have been aware of it." *Schott, 211 F.Supp.3d at 949* (quoting *R2 Invs. LDC v. Phillips, 401 F.3d 638, 643 (5th Cir. 2005)*.

---

[1] Doc. #35, Ex. 2 at 13.

2019 U.S. Dist. LEXIS 44230, *5

Severe recklessness is "limited to those highly unreasonable omissions and misrepresentations that involve not merely simple or even inexcusable negligence, but an extreme departure from the standards of ordinary care, and that present a danger of misleading buyers or sellers which is either known to the defendant or is so obvious that the defendant must have been aware of it." *Id.* (quoting *Rosenzweig v. Azurix Corp., 332 F.3d 854, 866 (5th Cir. 2003)).*

Additionally, the Fifth Circuit has rejected "group pleading." *Schott, 211 F.Supp.3d at 948.* A complaint is insufficient if it generally alleges that "defendants" as a group knowingly or recklessly made **[*6]** material misrepresentations. *Id.* (citing *Shaw Group, Inc., 537 F.3d at 533*). "The rejection of group pleading requires plaintiffs pleading fraud claims against individuals under *[Section] 10(b)* and *Rule 10b-5* to distinguish among the defendants and allege each one's role, intent, and knowledge." *Id. at 951* (citations omitted).

## B. *Section 11*

Unlike *Section 10(b)* which requires a heightened pleading standard mandated by *Rule 9(b)* and PSLRA, a *Section 11* claim requires the general pleading standard of *Rule 8 of the Federal Rules of Civil Procedure. In re Franklin Bank Corp. Sec. Litigation, 782 F.Supp.2d 364, 382 (S.D. Tex. 2011)* (citing *Kapps v. Torch Offshore, Inc., 379 F.3d 207, 210 (5th Cir. 2004)). Rule 8(a)* requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Fed. R. Civ. P. 8(a)(2).* To withstand a *Rule 12(b)(6)* motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)* (citing *Twombly, 550 U.S. at 556*). Although well pleaded factual allegations are taken as true and construed in the light most favorable to the Plaintiff, the Court does not "accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Central Laborers' Pension Fund v. Integrated Elec. Services Inc., 497 F.3d 546, 550 (5th Cir. 2007).* In considering a *Rule 12(b)(6)* motion, the Court may examine documents incorporated into the complaint by reference and matters of which **[*7]** a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322, 127 S. Ct. 2499, 168 L. Ed. 2d 179(2007).*

## III. Analysis

### A. *Section 10(b)*

To state a private claim under *Section 10(b)*, a plaintiff must allege: (1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation. *Phillips, 401 F.3d at 641* (internal citations omitted). Here, Defendants challenge the Plaintiff's pleading based upon a failure to properly allege scienter.

*Section 10(b)* and *Rule 10b-5* do not protect investors against negligence or corporate mismanagement. *Shaw Group, Inc., 537 F.3d at 539.* The Plaintiff's pleading must contain sufficient facts to allege scienter as to each Defendant. *Owens v. Jastrow, 789 F.3d 529, 535 (5th Cir. 2015).* Scienter in a securities fraud case requires "an intent to deceive, manipulate, defraud or severe recklessness." *Id. at 536.* "To plead scienter adequately, plaintiffs must state with particularity facts giving rise to a strong inference that the party knew that it was publishing materially false information, or that the party was severely reckless in publishing such information." *In re Key Energy Services, Inc. Securities Litigation, 166 F.Supp.3d 822, 833 (S.D. Tex. 2016).* Severe recklessness is "an extreme departure from the standard of ordinary care," and "is limited to highly unreasonable omissions or **[*8]** misrepresentations that involve not merely simple or even inexcusable negligence." *Id.* (citing *Abrams v. Baker Hughes, Inc., 292 F.3d 424, 430 (5th Cir. 2002)).*

Plaintiff alleges Defendants made a "massive error" in overstating net income by millions of dollars, that using the wrong conversion rate in reporting financial data from foreign projects was a simple error, and that the Defendants made the "same basic error" in multiple financial statements. Doc. #30 at 20-21. Plaintiff concludes that the Defendants must have known about the errors or "were so extremely reckless in not knowing about the error that scienter may be ascribed" to the Defendants. *Id.* However, the nature of the error alone cannot support a strong inference of scienter. *See Owens, 789 F.3d at 541* (refusing to infer scienter even though "the magnitude [of the misstatement] was undoubtedly large"); *see also Schott, 211 F.Supp.3d at 954* (stating "alleged misstated financials does not support a 'strong inference of scienter'. . ."). Furthermore, simply because an "error turned out to have a significant impact on the financials does not, on its own, support an inference of reckless disregard for the truth." *Schott, 211 F.Supp.3d at 954*. Beyond conclusory statements concerning the size, simplicity, and alleged repetition of the misstated net income figures that **[\*9]** involved errors in the calculation of profits involving foreign currency transactions, Plaintiff did not plead any particularized facts revealing Defendants knew the information published was false or facts that Defendants committed an extreme departure from the standard of care as to amount to recklessness. Accordingly, Plaintiff's allegations are not sufficient to give rise to a strong inference of scienter.

Additionally, Plaintiff makes conclusory allegations that the individual Defendants Mannen and Pferdehirt must have known about the errors by virtue of their respective positions in the company based upon information that each would have been "privy to." Doc. #30 at 22. However, "an officer's position with a company does not suffice to create an inference of scienter." *Local 731 LB. of T. Excavators and Pavers Pension Trust Fund v. Diodes, Inc., 810 F.3d 951, 958 (5th Cir. 2016)* (quoting *Nathenson, 267 F.3d at 424*). Plaintiff's allegations concerning what information Mannen and Pferdehirt "would have received, and "were privy to" "by virtue of [their] responsibilities and activities" within the company are not sufficient to infer scienter. *See* Doc. #30 at 22. "[P]leadings of scienter may not rest on the inference that defendants must have been aware of the misstatement based on their positions with the company." **[\*10]** *Shaw Group, Inc., 537 F.3d at 535* (quoting *Abrams, 292 F.3d at 432*). Accordingly, Plaintiff's allegations against TechnipFMC, Mannen, and Pferdehirt fail to give rise to a strong inference of scienter as required to state a *Section 10(b)* securities fraud claim and are therefore dismissed.[2]

## B. *Section 20(a)*

Plaintiff also seeks to impose control person liability under *Section 20(a)* against Defendants. Doc. #30 at 29-30. Because Plaintiff failed to plead a primary violation under *Section 10(b)*, the *Section 20(a)* claims are dismissed under *Rule 12(b)(6)* for failure to state a claim upon which relief can be granted. *See Southland Sec. Corp. v. INSpire Ins. Solutions, Inc., 365 F.3d 353, 383 (5th Cir. 2004)* (stating "[c]ontrol person liability is secondary only and cannot exist in the absence of a primary violation").

## C. *Section 11*

*Section 11* of the Securities Act of 1933 gives "purchasers a right of action against an issuer or designated individuals (directors, partners, underwriters, and so forth) for material misstatements or omissions in registration statements." *Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund, 135 S. Ct. 1318, 1323, 191 L. Ed. 2d 253 (2015)*. "[T]he buyer need not prove (as he must to establish certain other securities offenses) that the defendant acted with any intent to deceive or defraud. *Id.* (citing *Herman & Maclean v. Huddleston, 459 U.S. 375, 381-382, 103 S. Ct. 683, 74 L. Ed. 2d 548 (1983))*. Under *Section 11*, a plaintiff need only show a material misstatement or omission in a registration statement to establish a prima facie case. *Herman & MacLean v. Huddleston, 459 U.S. 375, 381-382, 103 S. Ct. 683, 74 L. Ed. 2d 548 (1983)*. Such an action must be brought by a purchaser of a registered security **[\*11]** and can only be brought against "parties who play a direct role in a

---

[2] Plaintiff pleaded no facts concerning "scienter" as to Defendants Halvorsen and Ralston, therefore any claims against them under *Section 10(b)* and *20(a)* are also dismissed.

registered offering." *Id.* Although limited in scope, *Section 11* places a relatively minimal burden on a plaintiff. *Id. at 382*. Liability against the issuer of a security is virtually absolute, even for innocent misstatements. *Id.*

Plaintiff alleges that all shares issued during the class period were issued pursuant to the October 24, 2016 Registration Statement which contained material misstatements, or pursuant to the Registration Statement issued February 27, 2017 (which contained the misrepresentations identical to those contained in the October 24, 2016 Registration Statement). Doc. #30 at 10. Plaintiff alleges that the Registration Statement contained material overstatements of financial data due to TechnipFMC's conversion of foreign currency data using the wrong foreign currency rates. *Id.* at 10-11. Plaintiff alleges that TechnipFMC overstated net income by $36.6 million (a 16.3% overstatement).[3] Doc. #30 at 12. Defendant argues that the misstatements in the Registration Statement were not material. SEC administrative guidance "counsels that 5% falsity for statements in offering documents may provide 'a preliminary assumption' of materiality." **[*12]** *Fed. Horn. Fin. Agency for Fed, Nat'l Mortg. Assoc, v. Nomura Holding Am., Inc., 873 F.3d 85, 147 (2d Cir. 2017)* (citing *SEC Staff Accounting Bulletin No. 99, 64 Fed. Reg. 45,150, 45,151 (Aug. 19, 1999))*. Furthermore, a court in this district has acknowledged that parties have agreed "in principle that a difference of 5% or less between an untrue statement and a true statement would not constitute a material difference as a matter of law. *In re Franklin Bank Corp., 782 F.Supp.2d at 408*. Here, the Plaintiff pleaded a 16.3% overstatement in net income, therefore the Court cannot say as a matter of law that this misstatement is immaterial.

Additionally, Defendants argue that the misstatements in the Registration Statement were not material because when TechnipFMC announced revisions to the Registration Statement on July 26, 2017, that announcement did not negatively affect stock prices. Doc. #34 at 19-20. Defendants argue that Plaintiffs "failure to allege a negative stock price reaction to [TechnipFMC's] announcement of the revised Registration Statement figures defeats any finding of materiality as a matter of law." *Id.* at 25. Materiality is a mixed question of law and fact which is usually decided by the trier of fact unless the misrepresentations are "so obviously unimportant to an investor that reasonable minds cannot differ on the question of materiality . . .". *Kapps, 379 F.3d at 216*. Stock price reaction to TechnipFMC's announcement **[*13]** of the errors in the Registration Statement may be probative to the trier of fact in determining materiality. However, the Defendants do not point the Court to, nor has the Court found, a case in this Circuit where it has been held as a matter of law that the lack of stock price decline is determinative on the issue of materiality. Accordingly, at the *12(b)(6)* stage, Plaintiff has plead a plausible *Section 11* claim.[4]

## D. *Section 15*

Plaintiff alleged *Section 15* claims against Halvorsen and Ralston based upon the same facts alleged under *Section 11*. Under *Section 15*, anyone who controls persons liable under *Section 11* of the Securities Act can be held jointly and severally liable to the same extent as the persons they control. *15 U.S.C. § 77o*. Control person liability of *Section 15* is derivative of *Section 11* liability. *Rosenzweig, 332 F.3d at 863*. To establish *Section 15* liability, a plaintiff must show a "primary violation" of *Section 11* *and control of the primary violator* by defendants. *In re Lehman Bros. Mortgage-Backed Sec. Litigation, 650 F.3d 167, 185 (2d Cir. 2011)* (citing *ECA & Local 134 IBEW*

---

[3] *See* Doc. #35, Ex. 2 at 7 (net income listed as $261 million). Plaintiff alleges that for "six months ended June 30, 2016," net income was not $261 million but rather $224.4 million and condensed combined listed at $242.4 was really $205.5. Doc. #30 at 17-18; Doc. #42 at 12-13; *see also* Doc. #35, Ex. 9 at 20 (net income corrected to $224.4 million for "six months ended June 30, 2016").

[4] A *Section 11* action can be brought only against the issuer, its directors or partners, underwriters, and accountants who are named as having prepared or certified the registration statement. *Herman & MacLean v. Huddleston, 459 U.S. 375, 381-382, n.13, 103 S. Ct. 683, 74 L. Ed. 2d 548 (1983)* (referencing *15 U.S.C. § 77k(a)*). Plaintiff alleges that Halvorsen and Ralston signed the Registration Statement. Doc. #30 at 5; Doc. #35, Ex. 2 at 13. *Section 11* imposes liability on "every person who signed [a] registration statement" containing "an untrue statement of a material fact" . . . . *15 U.S.C. § 77k(a)*. Therefore, Plaintiff pleaded plausible claims against Halvorsen and Ralston as individuals who signed the Registration Statement. There are no allegations against Mannen and Pferdehirt under *Section 11* and *15*. Doc. #30 at 6.

2019 U.S. Dist. LEXIS 44230, *13

*Joint Pension Trust v. JP Morgan Chase Co., 553 F.3d 187, 206-07 (2d Cir. 2009)* (emphasis added); *see also In re Kosmos Energy Ltd, Secs. Litigation, 955 F.Supp.2d 658, 674 (N.D. Tex. 2013)* (stating "[t]o allege control person liability under *Section 15*, the plaintiff must allege both a primary violation of [*Section 11*] and the defendant's control over the primary violator"). Plaintiff alleges a primary violation of *Section 11* against TechnipFMC, Halvorsen, and Ralston. However, Plaintiff fails to allege any Defendant that **[*14]** had control over those alleged as primary *Section 11* violators (Ralston, Halvorsen, and TechnipFMC). Therefore, Plaintiff did not plead a plausible *Section 15* claim.

**IV. Conclusion**

For the foregoing reasons, Defendants' Motion to Dismiss as to the *Section 10(b)*, *Section 15*, and *Section 20(a)* claims is GRANTED.[5] Defendants' Motion to Dismiss as to the *Section 11* claim is DENIED.

It is so ORDERED.

1/18/19

Date

/s/ Alfred H. Bennett

The Honorable Alfred H. Bennett

United States District Judge

---

**End of Document**

---

[5] All claims against Mannen and Pferdehirt were dismissed by this Order. Therefore, Mannen and Pferdehirt are hereby dismissed as Defendants to this case.